IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| STEPHANIE MADDOX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:21-CV-124-CAR |
| | : | |
| THE UNIFIED GOVERNMENT OF | : | |
| ATHENS-CLARKE COUNTY, | : | |
| GEORGIA; | : | |
| | : | |
| Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| ETHEL MUNSON, | : | |
| | : | |
| Intervenor. | : | |

## ORDER ON RULE 60(B) MOTION TO SET ASIDE AND MOTION TO STAY

Before the Court are Intervenor Ethel Munson's Rule 60(b) Motion to Set Aside

Court Order and Judgment and Motion to Stay. For the reasons discussed below, the

Court **DENIES** Munson's Motions [Docs. 72, 76].

### BACKGROUND

Plaintiff Stephanie Maddox brought the underlying lawsuit, through then-counsel

Ethel Munson, following her termination from employment as Internal Auditor for the

Athens-Clarke County Government. Plaintiff and Munson's relationship deteriorated

1

over the course of the representation. Around December 2023, Plaintiff retained new counsel, and in March 2024, accepted a settlement offer of $44,653.63. These funds were deposited in the Court's registry. Munson then asserted an attorney's lien on these funds, which Plaintiff moved to extinguish.

On February 20, 2025, the Court held a hearing on Munson's Motions to Intervene and Withdraw Funds and Plaintiff's Motion to Extinguish Munson's Attorney's Lien, and heard testimony related to these matters. The Court orally granted Munson's Motion to Intervene. On March 31, 2025, the Court issued a written Order granting Plaintiff's Motion to Extinguish Munson's Attorney's Lien and denying Munson's Motion to Withdraw Funds. Munson appealed and now moves to set aside the Order and Judgment pursuant to Fed. R. Civ. P. 60(b) and stay of the enforcement of the Judgment.

## RULE 60(B) MOTION

### I.    Standard of Review

"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal."[1] "However, it does not prevent the district court from taking action 'in furtherance of the appeal.'"[2] "Nor does it prevent the court from entertaining motions on matters collateral to those on appeal."[3] Thus, "district

---

[1] *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citation omitted).

[2] *Id.* (citation omitted).

[3] *Id.* (citation omitted).

courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule

60(b) motion."[4] Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party
> or a party's legal representative from a final judgment, order, or proceeding
> for the following reasons: (1) mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged . . .; or (6) any other
> reason justifying relief from the operation of the judgment.[5]

Munson moves for relief under Rule 60(b)(3). "To prevail on a motion under Rule

60(b)(3) in the Eleventh Circuit, the movant must establish [by clear and convincing

evidence] that: (1) the adverse party engaged in fraud or other misconduct; and (2) this

conduct prevented the moving party from fully and fairly presenting its case."[6] "Proof

that the result of the case would have been different but for the fraud or misconduct is

not required; instead, Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained,

not at those which are factually incorrect.'"[7]

---

[4] *Id.* at 1180.

[5] Fed. R. Civ. P. 60(b).

[6] *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 818 F.3d 1320, 1324 (Fed. Cir. 2016) (citation omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) (citations omitted). It appears Munson mistakenly refers to Rule 60(b)(6) on the first page of her Motion, because throughout the rest of the Motion she only refers to subsection (b)(3) and Plaintiff's alleged perjury. Relief under subsection (b)(6) "'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citations omitted). Such exceptional circumstances have not been demonstrated here.

[7] *Rembrandt*, 818 F.3d at 1324 (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

3

II.      **Discussion**

Munson argues the Judgment and the Court's Order extinguishing her attorney's fee lien should be set aside pursuant to Rule 60(b)(3) because Plaintiff and her counsel made perjured statements to the Court at the motions hearing. Munson points to the following four allegedly perjured statements that warrant granting her relief from the Court's Order and Judgment: (1) Plaintiff's testimony about a report obtained from her therapist; (2) Plaintiff's counsel's statement there was no whistleblower claim in the underlying action; (3) Plaintiff's testimony that she did not have an opportunity to review her complaint before it was filed; and (4) Plaintiff's testimony that motions Munson filed had multiple mistakes. The Court finds these claims to be without merit; but even accepting as true that these statements were perjured, Munson has not shown she was prevented from "fully and fairly presenting [her] case."[8] Thus, the Court will not set aside its Order and Judgment.

This Court found that Munson's attorney's fee lien should be extinguished for three alternative reasons: (1) Munson abandoned Plaintiff as her client; (2) Munson's services provided no value to Plaintiff under quantum meruit; and (3) Munson failed to prove the value of her services under quantum meruit. Even if the Court accepts that the above four statements are perjured, such finding only potentially impacts the Court's

---

[8] *Id.*

conclusion that Munson abandoned Plaintiff as her client. The perjured testimony would have no effect on the Court's conclusions that Munson's services provided no value to Plaintiff, or that Munson failed to prove the value and reasonableness of her services. Although she is not required to show "[p]roof that the result of the case would have been different,"[9] Munson has failed to show by clear and convincing evidence that the alleged perjury prevented her from fully and fairly litigating her case.

Munson argues Plaintiff's alleged perjury prevented her from fully demonstrating the adversity that had developed in their attorney-client relationship. But Munson knew all the facts contradicting the alleged perjured statements at the time of the hearing and could have cross-examined the witnesses on the alleged perjury but did not. This is not a case, like *Rembrandt Vision Technologies*,[10] where the jury verdict was "irretrievably tainted" by perjury, and the reasons for the verdict were unknown. Rather, here, the Court was the factfinder and explained the reasons for its findings in the Order. Thus, Munson's Motion to Set Aside [Doc. 72] is **DENIED**.

## MOTION TO STAY

Munson also seeks to stay enforcement of the Court's Judgment entered on March 31, 2025, pending her appeal. Four factors regulate the issuance of a stay—"(1) whether

---

[9] *Id.* (quoting *Rozier*, 573 F.2d at 1339).
[10] *Id.* at 1325.

the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[11] "The first two factors are 'the most critical.'"[12] The Court finds that Munson is not entitled to a stay because the only factor that weighs in her favor is the lack of substantial injury to Plaintiff. The "most critical" factors—one and two— weigh against her. Munson has neither made a strong showing that she is likely to succeed on the merits, nor has she shown she will suffer irreparable injury absent a stay.

### 1. Likelihood of Success on the Merits

Munson fails to show she is likely to succeed on the merits. First, Munson contends the Court improperly shifted the burden of proof to her by requiring her to "disprove" Plaintiff's allegations that Munson "had used incorrect or no records to record the number of attorney's fees hours expended[.]"[13] The Court disagrees. Munson seeks attorney's fees from Plaintiff. "An attorney cannot recover for professional services without proof of their value."[14] "[T]he party seeking fees must also introduce 'evidence

---

[11] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted). "[T]he same analysis governs both whether to grant a preliminary injunction and whether to grant a stay." *Mills v. Hamm*, 102 F.4th 1245, 1250 (11th Cir. 2024) (citations omitted). Thus, cases the Court cites related to the issuance of a preliminary injunction are relevant because the required analysis is substantially the same.

[12] *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

[13] Memorandum in Support of Motion to Stay at 2 [Doc. 77].

[14] *Webb v. Watkins*, 283 Ga. App. 385, 386 (2007) (quoting *Patton v. Turnage*, 260 Ga. App. 744, 748 (2003)).

of hours, rates, or [some] other indication of the value of the professional services actually rendered.'"[15] As stated in the Court's previous Order, Munson "failed to provide sufficient evidence of the value and reasonableness of the professional services she provided to Plaintiff to support an award."[16] Thus, Munson is unlikely to succeed on this argument on appeal.

Second, Munson argues the Court's findings of fact were not supported by evidence in the record. The district court's findings of fact are reviewed for clear error.[17] Munson argues the Court erred in finding she abandoned Plaintiff as a client, reasserting arguments she already made about her reasons for not deposing any witnesses, and argues the Court erred in finding there were mistakes in her filings.[18] As explained above in denying the Rule 60(b) Motion, even assuming Munsons is correct, she is still unlikely to succeed because the Court's findings related to the value of her services still justify affirming the Court's Order and Judgment.

Finally, Munson argues no evidence supports a finding that she should have asserted a breach of contract claim. But the Court made no such finding. The Court found

---

[15] *Home Depot U.S.A., Inc. v. Tvrdeich*, 268 Ga. App. 579, 584 (2004) (quoting *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 43 (2001)).

[16] Court's Order [Doc. 64] at 14.

[17] *Tobin v. Mich. Mut. Ins. Co.*, 398 F.3d 1267, 1274 (11th Cir. 2005) (citation omitted).

[18] The Court did not rely on alleged mistakes in Munson's filings in finding she abandoned her client. Rather, Munson's reaction to Plaintiff's communications about the alleged mistakes was a factor in the finding.

that Munson's services provided no value to Plaintiff because the settlement offer was made in exchange for the release of a wrongful termination claim that Munson did not assert. The Court did not find that Munson *should have* asserted this claim; rather, the Court found that because she did not, her services ultimately provided "no value" to Plaintiff. Thus, Munson is unlikely to succeed on these arguments.

### 2. Irreparable Injury

Munson contends it will be more difficult for her to collect her fees if she succeeds on appeal absent a stay.[19] This is insufficient to show she will be irreparably injured.

"An injury is 'irreparable' only if it cannot be undone through monetary remedies."[20] "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."[21]

Here, the only injury Munson has identified is potential difficulty in collecting her attorney's fees. If Munson succeeds on appeal, she will have the opportunity to recover monetarily. Thus, Munson has not established she will likely suffer irreparable harm.

---

[19] Munson's argument is a bit confusing. Specifically, she argues that because the amount of attorney's fees due was "litigated before the district court, this presents a collateral estoppel affirmative defense which could hinder further successful litigation for collection of the fees earned for legal services." Doc. 77 at 6–7.

[20] *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

[21] *United States v. Jefferson County*, 720 F.2d 1511, 1520 (11th Cir. 1983) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

### 3. Substantial Injury to the Other Party

Munson argues Plaintiff will not be substantially injured by the Court granting a stay because "[d]elay and inconvenience are just par for the course in litigation."[22] The Court agrees and finds that this factor weighs in Munson's favor.

### 4. Public Interest

Finally, Munson asserts that "[p]ermitting or condoning perjury sends the wrong message to the public who relies upon the courts to render justice."[23] First, this Court has not found there was perjury; instead, the Court found Munson failed to show she was prevented from fully and fairly presenting her case. Denying a stay in this action pending appeal does not send the message that this Court permits or condones perjury. On the contrary, the Court condemns such conduct. This factor is neutral as the Court does not find the public interest would be impacted by the grant or denial of a stay. Because the factors regulating a stay weigh against Munson, the Court denies her Motion to Stay.

CONCLUSION

For the reasons discussed above, the Court **DENIES** Munson's Rule 60(b) Motion to Set Aside Court Order and Judgment [Doc. 72] and Motion to Stay [Doc. 76].

---

[22] Doc. 77 at 7.

[23] *Id.*

**SO ORDERED**, this 13th day of June, 2025.

S/ C. Ashley Royal

C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT